MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
VATANA LAY, ESQ.
Nevada Bar No. 12993
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
Telephone:  (702) 634-5000
Facsimile:  (702) 380-8572
Email: melanie.morgan@akerman.com
Email: vatana.lay@akerman.com

*Attorneys for Plaintiff U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A7*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE TRUST 2006-A7, <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION; and SFR INVESTMENTS POOL 1, LLC, <br><br> Defendants. | Case No.:     2:18-cv-00205 <br><br> **COMPLAINT** |

Plaintiff U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A7 (**U.S. Bank**) complains as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  U.S. Bank is a citizen of Ohio, and on information and belief, none of the defendants are citizens of Ohio.  The amount in controversy exceeds $75,000.

2. U.S. Bank is a national bank with its headquarters and principal place of business in Cincinnati, Ohio.  Therefore, pursuant to 28 U.S.C. § 1348, for purposes of diversity jurisdiction,

U.S. Bank is deemed to be a citizen of the state of Ohio. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that national banks are citizens of the states where their designated main office is located for purposes of citizenship under 28 U.S.C. § 1348).

3. Southern Highlands Community Association (**Southern Highlands**) is, on information and belief, a Nevada domestic non-profit corporation with its principal place of business in Nevada. Southern Highlands is the purported beneficiary under an alleged homeowners' association lien recorded on July 20, 2011. U.S. Bank is informed and believes and therefore alleges Southern Highlands foreclosed on the lien on September 19, 2012.

4. Defendant SFR Investments Pool 1, LLC (**SFR**) is, on information and belief, a Nevada limited liability company wholly owned by SFR Investments, LLC, a Nevada limited liability company. SFR Investments, LLC is, on information and belief, a Delaware limited liability company wholly owned by Xiemen Limited Partnership, a Canadian limited partnership. On information and belief, Xiemen Limited Partnership has two partners, Xiemen Investments Ltd., a Canadian corporation, and John Gibson, a citizen of South Africa. U.S. Bank is informed and believes and therefore alleges SFR purchased the property at the HOA foreclosure sale, acquiring title via a foreclosure deed recorded on October 9, 2012.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The diversity of citizenship requirement is met. *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014). Defendants Southern Highlands and SFR are not citizens of Ohio. The amount in controversy requirement is met. U.S. Bank seeks a declaration that its deed of trust, which secures a loan with an unpaid balance exceeding $75,000, and is secured by real property that is fairly valued in excess of $75,000, was not extinguished by a homeowners' association non-judicial foreclosure sale that is the basis for SFR's claim to title to the real property sub judice.

6. Venue is proper in this Court under 28 U.S.C. § 1391. The property that is the subject of this action is located at 4445 Grey Spencer Drive, Las Vegas, NV 89141 (**the property**). Venue is proper in this Court under 28 U.S.C. § 1391(1) and (2) because this action seeks to

43988592;1
2

determine an interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

## GENERAL ALLEGATIONS

7. Under Nevada state law at the time of the events at issue in this case, homeowners' associations had the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

8. When these assessments went unpaid, the association could impose a lien and then foreclose on the lien if the assessments remain unpaid.

9. NRS Chapter 116 generally provided a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

10. NRS 116.3116 made a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien was senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

*The Deed of Trust and Assignment*

11. On July 17, 2006, Raul Lopez and Maria Lopez (**Lopezes**) purchased the property with a $750,500 loan from Republic Mortgage LLC dba Republic Mortgage that was secured by a note and deed of trust (the **senior deed of trust**), which was recorded on July 20, 2006. A true and correct copy of the senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 20060720-0003050**.

12. On June 3, 2010, Mortgage Electronic Registration Systems, Inc. assigned the senior

**AKERMAN LLP**
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

deed of trust to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A7 (**U.S. Bank**) via an assignment of deed of trust. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 201006030002234**.

13. On June 29, 2011, Mortgage Electronic Registration Systems, Inc. subsequently assigned the senior deed of trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP (**BAC Home Loans**) via an assignment of deed of trust. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 201106290003422**.

14. On January 11, 2013, Bank of America, N.A. (**BANA**), successor by merger to BAC Home Loans then assigned the senior deed of trust to U.S. Bank via an assignment of deed of trust. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 201301110001293**.

*Southern Highlands's Covenants, Conditions, and Restrictions*

15. The property is subject to Southern Highlands' Covenants, Conditions, and Restrictions (**CC&Rs**). A true and accurate copy of the CC&Rs was recorded in the Clark County Recorder as **Instrument No. 20000106-01678**.

16. In the CC&Rs, Southern Highlands makes several representations about the priority of first deeds of trust.

17. Article 9, Section 9.8, Mortgagee Protection, provides, in relevant part:

> Notwithstanding all other provisions hereof, no lien created under this Article 9, nor the enforcement of any provision of this Declaration shall defeat or render invalid the rights of the beneficiary under and Recorded first deed of trust encumbering a Unit, made in good faith and for value; provided that after such Beneficiary or some other Person obtains title to such Unit by judicial foreclosure, other foreclosure, or exercises of power of sale, such Unit shall remain subject to this Declaration and the payment of all installments of assessments accruing subsequent to the date such Beneficiary or other Person obtains title. The lien of the assessments, including interest and costs, shall be subordinate to the lien of any first Mortgage upon the Unit….

*The HOA Lien and Foreclosure*

18. On July 20, 2011, Southern Highlands, through its agent, Alessi & Koenig, LLC (**Alessi**), recorded a notice of delinquent assessment lien. Per the notice, the amount due to Southern Highlands was $1,009.98, but does not specify exactly what dues, interest, fees and service charges in addition to assessments are included. A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 201107200001497**.

19. On October 13, 2011, Southern Highlands, through its agent, Alessi, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. The notice states the amount due to Southern Highlands was $2,195.07, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 201110130001677**. The notice of default also does not specify the super-priority amount claimed by Southern Highlands and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

20. On February 28, 2012, Southern Highlands, through its agent, Alessi, recorded a notice of trustee's sale. The trustee's sale was scheduled for March 21, 2012. The notice states the amount due to Southern Highlands was $3,455.55, which includes "[t]he total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale[.]" A true and correct copy of the notice of trustee's sale is recorded with the Clark County Recorder as **Instrument No. 201202280001061**. The notice of sale does not identify the super-priority amount claimed by Southern Highlands and fails to describe the "deficiency in payment" required by NRS 116.311635(3)(a).

21. In none of the recorded documents nor in any notice did Southern Highlands and/or its agent Alessi provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for failure to do so.

22. In none of the recorded documents did Southern Highlands and/or its agent Alessi identify the amount of the alleged lien that was for late fees, interest, fines/violations or collection

fees/costs.

23. In none of the recorded documents nor in any notice did Southern Highlands and/or its agent Alessi specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien.

24. In none of the recorded documents nor in any notice did Southern Highlands and/or its agent Alessi specify the senior deed of trust would be extinguished by Southern Highlands's foreclosure.

25. In none of the recorded documents nor in any notice did Southern Highlands and/or its agent Alessi identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of Southern Highlands's claimed lien.

26. On November 4, 2011, U.S. Bank tendered the super-priority portion of Southern Highlands' lien to Southern Highlands, through its trustee Alessi, and requested a ledger identifying the super-priority amount allegedly owed to Southern Highlands. The letter explicitly offered to pay the super-priority sum upon presentation of proof of the amount. Southern Highlands refused to provide a ledger identifying either the super-priority amount or the monthly assessments amount, and refused to respond at all, thereby obstructing U.S. Bank's tender of the super-priority portion of Southern High land's lien.

27. Notwithstanding its obstruction of U.S. Bank's tender, Southern Highlands foreclosed on the property on or about September 19, 2012. A trustee's deed upon sale in favor of SFR was recorded on October 9, 2012. A true and correct copy of the trustee's deed upon sale is recorded with the Clark County Recorder as **Instrument No. 201210090001821**.

28. Upon information and belief, Alessi wrote in the foreclosure deed that the sale price at the September 19, 2012 foreclosure sale was $10,500.00. Southern Highlands's sale of the property to SFR for less than two percent (2%) of the value of the unpaid principal balance on the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is grossly inadequate and unfair when combined with the other evidence of unfairness that tainted the sale.

## FIRST CAUSE OF ACTION

**(Quiet Title Against All Defendants That the Deed of Trust Remains Against the Property, or Alternatively, the HOA Sale was Void)**

29.     U.S. Bank brings this quiet title claim pursuant to 28 U.S.C. § 2201 and NRS 40.010.

30.     An actual controversy has arisen between U.S. Bank and defendants regarding the property. The senior deed of trust is a first secured interest on the property. As a result of the September 19, 2012 HOA foreclosure sale, SFR claims an interest in the property, and on information and belief, asserts it owns the property free and clear of the senior deed of trust.

31.     U.S. Bank's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

32.     U.S. Bank is entitled to a declaration that Southern Highlands's foreclosure did not extinguish the senior deed of trust, or, alternatively, Southern Highlands's foreclosure is void.

*NRS Chapter 116 Violates U.S. Bank's Right to Procedural Due Process*

33.     Chapter 116 of the Nevada Revised Statutes' scheme of HOA super-priority non-judicial foreclosure violates U.S. Bank's procedural due process rights under the state and federal constitutions.

34.     The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8 of the Nevada Constitution protect U.S. Bank from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

35.     There is no way to apply Nevada's scheme of non-judicial HOA super-priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

36.     The Nevada Constitution does not expressly set forth a state action requirement. Even if it did, and consistent with the state action requirements of the Federal Constitution, the state of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for U.S. Bank's deed of trust apply, to wit:

        a)       The super-priority lien did not exist at common law, but rather is imposed by statute.

        b)       In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made super-priority mandatory, expanded the super-priority duration from six to nine months, and declared it could not contractually subordinate its lien by provisions within a HOA's covenants, conditions, and restrictions.

        c)       The super-priority lien has no nexus whatsoever to a private agreement between Southern Highlands and U.S. Bank, but, again, is imposed by legislative enactment.

        d)       Nevada and Clark County mandated the creation of Southern Highlands as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the Southern Highlands community.

37.       Since the State of Nevada is responsible for the creation of the super-priority lien and has made it mandatory, then the state of Nevada's HOA super-priority foreclosure scheme is the result of state action subject to procedural due process safeguards.

38.       On its face, Nevada's scheme of non-judicial HOA super-priority foreclosure lacks any pre-deprivation notice requirements or post deprivation redemption options that are necessary components of due process:

        a)       NRS 116.31162 and NRS 116.311635 do not require an HOA provide U.S. Bank with written notice of the sum that constitutes the super-priority portion of the assessment lien.

        b)       Chapter 116 of NRS seeks to insulate its scheme of super-priority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption.

        c)       Chapter 116 of NRS fails to provide U.S. Bank with a statutorily enforceable mechanism to compel an HOA to inform U.S. Bank of the sum of the HOA super-priority amount.

39.       As applied, the HOA non-judicial foreclosure violated state and procedural due process protections for U.S. Bank's deed of trust since U.S. Bank was not provided with any notice

of the super-priority amount of Southern Highlands's lien in order to redeem the deed of trust's priority prior to the HOA foreclosure.

40.     U.S. Bank requests this court void the HOA foreclosure sale or declare SFR's title was acquired subject to the senior deed of trust because NRS 116's scheme of HOA super-priority foreclosure violates the procedural process clauses of the Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8 of the Nevada Constitution.

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

41.     The HOA sale is void or did not extinguish the senior deed of trust for additional reasons stated below.

42.     The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made or the consequences for failure to pay the super-priority component. Alternatively, the foreclosure sale is void.

43.     The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to specify the action required to cure the default, the date by which such default must be cured, or that failure to cure the default on or before a specified date may result in acceleration of the balance of the installments. The notice further fails to inform the owners of his or her right to cure after acceleration. Alternatively, the foreclosure sale is void.

44.     The foreclosure sale did not extinguish the senior deed of trust because U.S. Bank tendered the super-priority portion of Southern Highlands' lien in advance of the foreclosure sale and Southern Highlands wrongfully obstructed U.S. Bank's tender. Alternatively, the foreclosure sale is void.

45.     The foreclosure sale did not extinguish the senior deed of trust because the sale was grossly unfair or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper prospective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for Southern Highlands and its agent at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place. Alternatively, the foreclosure sale is void.

46.     The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate U.S. Bank's rights to due process, as a result of Southern Highlands's failure to provide sufficient notice of the super-priority component of Southern Highlands's lien, the manner and method to satisfy it, and the consequences for failing to do so. Alternatively, the foreclosure sale is void.

47.     The foreclosure sale did not extinguish the senior deed of trust because otherwise the sale would violate U.S. Bank's rights to due process, as a result of Southern Highlands's improper calculation of the super-priority component, and its inclusion of charges that are not part of the super-priority lien under Nevada law. Alternatively, the foreclosure sale is void.

48.     The foreclosure sale did not extinguish the senior deed of trust because Southern Highlands's unequivocal representation in its CC&Rs that the rights of the beneficiary under the senior deed of trust would not be jeopardized by any violation of the obligations imposed by the CC&Rs caused the sale to be unfair and the sales price to be grossly inadequate.

49.     The foreclosure sale did not extinguish the senior deed of trust because SFR does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust, the sale was not properly noticed, and it was unfair and not in good faith. Alternatively, the foreclosure sale is void.

50. U.S. Bank is entitled to a declaration, pursuant to 28 U.S.C. § 2201, and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust.

51. U.S. Bank was required to retain an attorney to prosecute this action, and is entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**(Declaratory Relief Against All Defendants That U.S. Bank may Judicially Foreclose Under the Deed of Trust)**

52. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

53. Pursuant to 28 U.S.C. § 2201 and NRS 30.010 *et seq.*, this Court is empowered to declare the rights of parties and other legal relations of parties regarding the property.

54. Under NRS 30.030, this Court has the power "to declare rights, status, and other legal relations."

55. Under NRS 30.040, "Any person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the instrument, statute, [or] contract . . . and obtain a declaration of rights, status or other legal relations thereunder."

56. Under NRS 107 *et seq.*, a deed of trust beneficiary has a right to foreclose, judicially or non-judicially, on a deed of trust. The statute of limitations on foreclosure of a first deed of trust, if one exists, is at minimum 10 years from acceleration of the maturity of the note. Any such statute of limitations has not run in this case because upon information and belief, the loan has not matured and the loan has not been accelerated.

57. Here, an actual controversy has arisen between U.S. Bank and the defendants regarding the property. The senior deed of trust is a first secured interest on the property. Upon information and belief, SFR alleges the HOA sale extinguished plaintiff's interest in the property,

and has an interest in the outcome of this action. The HOA also has an interest in the outcome of this action to the extent the court invalidates the HOA's foreclosure sale.

58. Because U.S. Bank's deed of trust survives, either that the deed of trust remains on the property after the HOA foreclosure sale or the HOA foreclosure sale was void, for the reasons set forth in U.S. Bank's first cause of action and elsewhere in this complaint, U.S. Bank seeks a declaration that it is entitled to enforce its deed of trust through a judicial or non-judicial foreclosure.

59. U.S. Bank has been required to retain an attorney to prosecute this claim and is entitled to recovery of its attorneys' fees and costs under the senior deed of trust.

## THIRD CAUSE OF ACTION

**(Injunctive Relief against SFR)**

60. U.S. Bank repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

61. U.S. Bank disputes SFR's claim it owns the property free and clear of the senior deed of trust.

62. Any sale or transfer of the property by SFR, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

63. U.S. Bank has a substantial likelihood of success on the merits of the complaint, and damages would not adequately compensate for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

64. U.S. Bank has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

65. U.S. Bank is entitled to a preliminary injunction prohibiting SFR, or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

66. U.S. Bank is entitled to a preliminary injunction requiring SFR to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

## PRAYER FOR RELIEF

U.S. Bank requests the Court grant the following relief:

1. A declaration establishing that U.S. Bank's deed of trust is the senior lien encumbering the property;

2. A declaration establishing U.S. Bank's deed of trust is senior and superior to any right, title, interest, lien, equity, or estate acquired by SFR at the foreclosure sale;

3. An order declaring that SFR purchased the property subject to U.S. Bank's senior deed of trust;

4. In the alternative, an order that the foreclosure sale, and any resulting foreclosure deed was *void ab initio*;

5. A preliminary injunction prohibiting SFR, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

6. A preliminary injunction requiring SFR to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

7. Reasonable attorneys' fees as special damages and the costs of suit; and

8. For such other and further relief the Court deems proper.

DATED this 5th day of February, 2018.

**AKERMAN LLP**

*/s/ Vatana Lay, Esq.*
Melanie D Morgan, Esq.
Nevada Bar No. 8215
Vatana Lay, Esq.
Nevada Bar No. 12993
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
*Attorneys for Plaintiff U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A7*

43988592;1                                    13