# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE TRUST 2006-A7,

        Plaintiff,

vs.

SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, *et al.*,

        Defendants.

Case No.: 2:18-cv-00205-GMN-GWF

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Southern Highlands Community Association ("HOA"). Plaintiff U.S. Bank National Association ("Plaintiff") and Defendant SFR Investments Pool 1, LLC ("SFR") filed Responses, (ECF Nos. 17, 18), and HOA filed a Reply, (ECF No. 20).

Also pending before the Court is the Motion to Dismiss, (ECF No. 19), filed by SFR. Plaintiff filed a Response, (ECF No. 21), and SFR filed a Reply, (ECF No. 22).[1]

For the reasons discussed herein, HOA and SFR's Motions to Dismiss are **GRANTED**.

**I.**     **BACKGROUND**

This case arises from the non-judicial foreclosure on real property located at 4445 Grey Spencer Drive, Las Vegas, Nevada 89141 (the "Property"). (Compl. ¶ 6, ECF No. 1). On July 17, 2006, non-parties Raul and Maria Lopez ("borrowers") purchased the Property by way of a loan in the amount of $750,500 secured by a deed of trust (the "DOT"). (*Id.* ¶ 11). Plaintiff later became beneficiary under the DOT by way of a series of assignments. (*Id.* ¶¶ 12–14).

---

[1] Also pending before the Court is SFR's Motion to Stay, (ECF No. 28), in which SFR requests that that the Court stay this case until the Court renders its decision on the instant Motions to Dismiss. (*Id.* 2:7–9). In light of the instant Order, SFR's Motion is **DENIED as moot**.

On July 20, 2011, upon borrowers' failure to pay all amounts due, HOA, through its agent Alessi & Koenig, LLC ("A&K"), recorded a notice of delinquent assessment lien against the Property. (*Id.* ¶ 18). On October 13, 2011, A&K, on behalf of HOA, recorded a notice of default and election to sell. (*Id.* ¶ 19). On November 3, 2011, Plaintiff attempted to tender the super-priority portion of HOA's lien to HOA, but HOA rejected the tender. (*Id.* ¶ 26).

On February 28, 2012, HOA, through A&K, recorded a notice of foreclosure sale and foreclosed on the Property on September 19, 2012. (*Id.* ¶ 27). A trustee's deed upon sale was recorded in favor of SFR on October 9, 2012. (*Id.*).

Plaintiff filed its Complaint on February 5, 2018, asserting the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) quiet title; (2) declaratory relief; and (3) injunctive relief. (*See* Compl. ¶¶ 29–66).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.     DISCUSSION

HOA and SFR move to dismiss Plaintiff's quiet title claim on the basis that it is time-barred pursuant to the applicable statute of limitations. (HOA's MTD 3:12–14); (SFR's MTD 2:3–7). Specifically, HOA argues that Plaintiff's quiet title claim is subject to a five-year limitations period which began to accrue on September 19, 2012, when the foreclosure sale took place. (HOA's MTD 7:9–8:3). HOA continues that because Plaintiff's Complaint was filed on February 5, 2018, Plaintiff's quiet title claim is time-barred. (HOA's MTD 8:4–9). SFR avers that Plaintiff's quiet title claim is barred by the applicable "three-year statute of

limitations set forth under NRS 11.190," which was triggered by the September 19, 2012 foreclosure sale. (SFR's MTD 6:22–8:18).

In Nevada, an action to quiet title is subject to the five-year limitations period set forth in NRS 11.070. *See Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-02638-GMN-GWF, 2018 WL 3758569, at *2 (D. Nev. Aug. 8, 2018); *see also Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 600 (9th Cir. 2015) ("The statute of limitations for quiet title claims in Nevada is five years."); *Bank of Am., N.A. v. Antelope Homeowners' Ass'n*, No. 2:16-cv-00449-JCM-PAL, 2017 WL 421652, at *3 (D. Nev. Jan. 30, 2017); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *3 (D. Nev. Mar. 31, 2016). Where a quiet title claim arises from a non-judicial foreclosure, the statute of limitations begins to accrue at the time of the foreclosure sale. *See Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3758569, at *2; *Bank of Am., N.A.*, 2017 WL 421652, at *3; *see also Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) ("Under Nevada law, Spencer could have brought claims challenging the HOA foreclosure sale within five years of the sale.").

Here, Plaintiff's quiet title claim arises from the HOA foreclosure sale and, therefore, a five-year limitations period applies. Because the foreclosure sale took place on September 19, 2012, and Plaintiff filed its Complaint on February 5, 2018, Plaintiff's quiet title claim is untimely.

Plaintiff argues that the statute of limitations did not begin to accrue until September 18, 2014, when the Nevada Supreme Court "held that under some circumstances an HOA foreclosure sale could extinguish a senior [DOT]." (*See* Resp. to HOA's MTD 4:10–13, ECF No. 17); (Resp. to SFR's MTD 5:21–24, ECF No. 21) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014)). However, in a subsequent case, the Nevada Supreme Court held that its decision in *SFR* "necessarily applies retroactively," because the

decision "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception." *K&P Homes v. Christiana Tr.*, 398 P.3d 292, 295 (Nev. 2017); *see also Wilmington Tr., Nat'l Ass'n v. Royal Highlands St. & Landscape Maintenance Corp.*, No. 2:18-cv-00245-JAC-PAL, 2018 WL 2741044, at *3 (D. Nev. June 6, 2018) ("The notion that *SFR* announced a new rule was rejected by the Nevada Supreme Court in *K&P Homes v. Christiana Trust* . . . .").

Moreover, the Court finds persuasive the reasoning of other courts in this District that have noted that "lenders were well aware long before *SFR* of the risk they were taking by letting HOA assessments mount against their security interests." *Wilmington Tr., Nat'l Ass'n*, 2018 WL 2741044, at *3; *see also Bank of New York Mellon v. Southern Terrace Homeowners Ass'n*, No. 2:17-cv-00984-KJD-GWF, 2017 WL 3013254, at *3 (D. Nev. July 14, 2017) ("Plaintiff should have known that foreclosure could extinguish its deed when the statute was enacted."). Accordingly, the Court rejects Plaintiff's argument that the statute of limitations was triggered by the Nevada Supreme Court's decision in *SFR*.

With respect to Plaintiff's claims for declaratory and injunctive relief, it is well established that these are remedies rather than stand-alone causes of action. *See, e.g.*, *Brannan v. Bank of Am.*, No. 2:16-cv-01004-GMN-GWF, 2018 WL 1220562, at *6 (D. Nev. Mar. 8, 2018); *Martin v. Bank of Am.*, No. 2:15-cv-0372-GMN-PAL, 2016 WL 70456, at *3 (D. Nev. Jan. 6, 2016). Because the Court dismisses Plaintiff's sole independent claim for relief, Plaintiff cannot establish an entitlement to declaratory or injunctive relief. *See Brannan*, 2018 WL 1220562, at *6. Accordingly, to the extent Plaintiff pleads causes of action for declaratory relief and injunctive relief, these claims must be dismissed.

Finally, the Court declines to grant Plaintiff's request for leave to amend its Complaint. (*See* Resp. to SFR's MTD 6:4–11). While Federal Rule of Civil Procedure 15(a)(2) counsels that courts should "freely" give leave to amend, a court need not do so when amendment would

be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Because the statute of limitations has run on Plaintiff's sole substantive cause of action, the Court finds that amendment would be futile.  Therefore, the Court denies Plaintiff's request for leave to amend its Complaint.

**IV.     CONCLUSION**

**IT IS HEREBY ORDERED** that HOA and SFR's Motions to Dismiss, (ECF Nos. 10, 19), are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that SFR's Motion to Stay, (ECF No. 28), is **DENIED as moot**.

The Clerk of Court is instructed to close the case.

**DATED** this __21__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge