**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE TRUST 2006-A7,<br><br>        Plaintiff,<br>vs.<br><br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, *et al.*,<br><br>        Defendants. | Case No.: 2:18-cv-00205-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion to Extend Time to file a Notice of Appeal, (ECF No. 39), filed by Plaintiff U.S. Bank National Association ("Plaintiff"). No Defendant to this action has filed an opposition and the deadline to do so has passed.

## I. BACKGROUND

On August 21, 2018, the Court granted Defendants' Motions to Dismiss Plaintiff's complaint with prejudice. (*See* Order, ECF No. 34). The Clerk of Court entered judgment accordingly that same day. (*See* Clerk's J., ECF No. 35).

Plaintiff states that six days after entry of judgment, Plaintiff contacted alternative counsel by email to handle the appeal in this case. (Sechrist Decl. ¶ 4, Ex. A to Mot. to Extend, ECF No. 39-1). Although alternative counsel received the email, the message was never forwarded to the person in charge of adding filing deadlines to the calendar. (*Id.*). Based upon this omission, neither Plaintiff nor alternative counsel filed the notice of appeal by the September 20, 2018 deadline. (*Id.* ¶ 5). Plaintiff states that upon realizing this omission, Plaintiff's counsel moved promptly and filed the instant Motion on October 12, 2018. (*Id.* ¶ 6).

## II. LEGAL STANDARD

The Federal Rules of Appellate Procedure generally require that a notice of appeal be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Rule 4(a)(5) states a "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993), the U.S. Supreme Court created a four-factor test to determine whether an attorney's failure to file is caused by excusable neglect. *Pioneer Inv. Servs.*, 507 U.S. at 395. The Ninth Circuit adopted the same framework in interpreting Federal Rule of Appellate Procedure 4(a)(5)(A). *See Los Altos El Granada Inv'rs v. City of Capitola*, 583 F.3d 674, 683 (9th Cir. 2009) (citing *Pincay v. Andrews*, 389 F.3d 853, 855–56 (9th Cir. 2004)). Specifically, a court must weigh "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Los Altos*, 583 F.3d at 683. The Ninth Circuit gives broad discretion to district courts' evaluation of the factors, as they are in the best position to determine "whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers, . . . and the likelihood of injustice if the appeal was not allowed." *Pincay*, 389 F.3d at 859.

## III. DISCUSSION

Plaintiff failed to file its notice of appeal within the thirty-day deadline prescribed by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(a)(1)(A). Plaintiff did, however, file its Motion to Extend Time on October 12, 2018, (ECF No. 39), within thirty days after the

expiration of its deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5). Accordingly, the instant Motion is timely.

When evaluating the *Pioneer* factors to determine whether the neglect is excusable, the Court takes into account "all relevant circumstances surrounding the party's omission." 507 U.S. at 395. Situations which do not constitute excusable neglect include those involving "inadvertence, ignorance of the rules, or mistakes construing rules." *Id.* at 392. Nevertheless, the *Pioneer* Court warned against "erecting a rigid barrier against late filings attributable in any degree to the movant's negligence." *Id.* at 395 n. 14. Further, in *Pincay*, the Ninth Circuit found excusable neglect where counsel delegated calendar duties to the paralegal, and the paralegal misread the applicable deadlines under the federal rules. *See Pincay*, 389 F.3d at 860.

Here, Plaintiff's counsel's explanation of its error is similar to that offered by the litigant in *Pincay*. Specifically, counsel represents that the failure is based upon a mistake by a person in charge of calendaring for alternative counsel. The Court finds this neglect is excusable under *Pincay* and that there is nothing in the record to suggest an absence of good faith. Additionally, the Court finds that an extension will not unduly lengthen the proceedings in this case; nor will an extension cause undue prejudice to Defendants. Moreover, Defendants' failure to file any opposition to the instant Motion or otherwise argue prejudice weighs in favor of granting the extension. *See* LR 7-2 (d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Accordingly, Plaintiff's Motion is granted. Plaintiff shall file its Notice of Appeal within fourteen (14) days of this Order.

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to File a Notice of Appeal, (ECF No. 39), is **GRANTED**. Plaintiff shall file its Notice of Appeal within fourteen (14) days of this Order.

**DATED** this __14__ day of November, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge