UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Trust 2006-A7,<br><br>Plaintiff,<br><br>v.<br><br>Southern Highlands Community Association and SFR Investments Pool 1, LLC,<br><br>Defendants. | Case No. 2:18-cv-00205-GMN-BNW<br><br>**Report and Recommendation** |

Pending before the Court is Plaintiff U.S. Bank's Motion for Summary Judgment. ECF No. 85. Defendant SFR Investments Pool 1, LLC (SFR) filed a Response and U.S. Bank filed a Reply. ECF Nos. 90 and 91. Finding the excused tender doctrine applies here, the Court recommends that U.S. Bank's motion be granted.

**I.  BACKGROUND[1]**

This case arises from the non-judicial foreclosure sale of real property located at 4445 Grey Spencer Drive, Las Vegas, NV 89141.

On July 17, 2006, Raul and Maria Lopez financed the purchase of the property by way of a $750,500.00 loan secured by a Deed of Trust (DOT) identifying Mortgage Electronic Registration Systems, Inc. as the beneficiary. ECF No. 85-1. On June 1, 2010, the DOT was assigned to U.S. Bank. ECF No. 85-2. BAC Home Loans Servicing, LP serviced the loan. ECF No. 85-3 at 3. In July 2011, BAC merged into BANA. ECF 85-3 at 14. BANA serviced the loan from July 2011 until December 2013. ECF 85-3 at 5-12.

The Property is part of Southern Highlands Community Association and subject to its CC&Rs and NRS Chapter 116. ECF No. 85-4 (CC&Rs). In November 2008, Southern Highlands

---

[1] SFR does not dispute any of the facts presented in this section.

1  retained A&K and Olympia Management Services, LLC as its collection agents. ECF No. 85-5,
2  85-9, 85-10, 85-11, 85-12. On July 20, 2011, A&K recorded a notice of delinquent assessment
3  lien on behalf of Southern Highlands. ECF No. 85-6. And on October 13, 2011, A&K recorded a
4  notice of default and notice of sale. ECF Nos. 85-7, 85-8.

5  On November 4, 2011, BANA (through Rock Jung of Miles Bauer) sent a letter to A&K
6  offering to tender the nine-month superpriority portion of the HOA lien. ECF No. 85-9.  There is
7  no document showing that A&K responded to Miles Bauer's letter. *Id*.

8  In September 2012, Southern Highlands, through A&K, proceeded with the foreclosure
9  sale, selling the Property to SFR for $10,500.00. ECF NO. 85-21 (HOA Foreclosure Deed). [2]

10  Plaintiff U.S. Bank moves for summary judgment on its first and second claims (quiet title
11  and declaratory relief) and dismisses its third claim (injunctive relief).

12  **II.  LEGAL STANDARD**

13  The Federal Rules of Civil Procedure provide for summary adjudication when the
14  pleadings, depositions, answers to interrogatories, and admissions on file, together with the
15  affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is
16  entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may
17  affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A
18  dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a
19  reasonable fact-finder could rely to find for the nonmoving party. *See id*. "The amount of
20  evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to
21  resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d
22  897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 288–89
23  (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor
24  of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle*

---

26  [2] The Court takes judicial notice of the recorded property records and the BAC/BANA merger that
27  U.S. Bank presents in its Motion for Summary Judgment because they are all supported by publicly recorded property records. ECF No. 85 at 6 (requesting the Court take judicial notice of those documents). *See also Harlow v. MTC Fin. Inc.*, 865 F. Supp. 2d 1095, 1099 (D. Nev. 2012) (taking judicial notice of
28  documents recorded in a county recorder's office).

*Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (*citing United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477

U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Parties' arguments

U.S. Bank's core argument is that the futility-of-tender doctrine described in *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A*., 136 Nev. 62, 66, 458 P.3d 348, 351 (2020) controls this case as SFR had a known tender rejection policy during the relevant time—July 2011 through September 2012. It contends that, although it offered to pay A&K the superpriority portion of the HOA's lien before the foreclosure sale, A&K did not respond and, in any event, would not have accepted the tender. U.S. Bank contends that the reason tenders were rejected was based on A&K's belief that (1) the nine-month superpriority amount included collection fees and costs and (2) the bank needed to foreclose on the deed of trust before the superpriority lien was triggered. U.S. Bank further asserts that BANA, the deed beneficiary, was aware of this policy. Accordingly, U.S. Bank maintains that its deed of trust survived the HOA's sale.

SFR responds that *Perla* does not control because A&K did not have a known policy of rejection of payment. Instead, SFR contends A&K only rejected payments that were accompanied by "the Miles Bauer conditional letter," which included language that acceptance would satisfy the HOA's superpriority lien. In turn, it argues that *U.S. Bank* created the impediment to the acceptance of tender by insisting on the conditional language that accompanied its tender. Thus, SFR contends, U.S. Bank cannot invoke the futility-of-tender doctrine when *it* was responsible

for the very impediment that led to A&K rejecting payment. SFR further maintains that *Perla* is inapplicable because U.S. Bank made no attempt to tender at all.

U.S. Bank replies that the Nevada Supreme Court in *Perla* held that actual/attempted tender is unnecessary when there is a known policy of rejecting such payments. Lastly, it argues that both the Nevada Supreme Court and the Ninth Circuit have held that tender is excused even if the refusal to accept payment was based on the banks' practice of issuing tenders accompanied by such letter.

### IV. Discussion[3]

Under Nevada law, a DOT holder generally must tender the amount of a superiority lien for the DOT holder to preserve its interest in the property prior to a superiority foreclosure sale. *See Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 134 Nev. 604, 605, 427 P.3d 113, 116 (2018). However, an exception arises if the DOT holder can demonstrate that tender would have been futile because "evidence shows that the party entitled to payment had a known policy of rejecting such payments." *Perla Tr.*, 136 Nev. at 63, 458 P.3d at 349. Excused tender has two elements: (1) a tender rejection policy and (2) deed beneficiary knowledge of such policy. *Id.* at 349.

Here BANA made an offer to pay the superiority amount of the HOA lien, but SFR did not respond. ECF No. 85-9. There is no genuine dispute that A&K had a known policy during the time period in question of rejecting tenders. The rationale for not doing so may have fluctuated and evolved over time, but the fact remains that between July 2011 and September 2012 A&K did not accept tenders.[4] U.S. Bank attaches declarations from attorney Rock Jung, dated December 2022, July 2023, and December 2023, stating that while he represented BANA, A&K consistently refused to accept nine months of delinquent assessments in satisfaction of the superiority lien,

---

[3] For purposes of this section the Court notes that SFR has not made any evidentiary objections.

[4] SFR attaches and cites to a 697-page exhibit for the proposition that A&K accepted tenders "dating as far back as 2010 and continuing into 2014." But SFR has not identified with any kind of specificity any document showing that SFR accepted tender during the period in question. ECF No. 90-2. As the Seventh Circuit observed in its now familiar maxim, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991).

at least through 2012. ECF Nos. 85-10, 85-13, 85-14. Mr. Jung also testified that between 2011 and 2012 A&K rejected Miles Bauer tenders. ECF No. 12 at 5. U.S. Bank also attaches the deposition transcript of Ryan Keborw, who worked at A&K during the relevant time. ECF No. 85-11 at 10. He testified that if A&K received a conditional letter accompanied by payment of nine months of assessments, the payment would have been rejected and foreclosure proceedings would have continued. *Id*. This is partly confirmed by none other than David Alessi from A&K. ECF No. 90-1 at 3-5. Moreover, U.S. Bank provides numerous examples of A&K rejecting tenders during the relevant period. ECF Nos. 85-15 and 91-1.

BANA was aware of this policy at the relevant time in this case. Mr. Jung's declarations and his August 2024 deposition confirm the same. ECF No. 85-10, 85-12, 85-13, 85-14. Moreover, Mr. Alessi himself testified that Miles Bauer knew that A&K would not cash the checks containing the restrictive language. ECF No. 90-1 at 4. [5]

The Court next addresses SFR's argument that U.S. Bank cannot take refuge in the excused tender doctrine since *it* decided not to accept tenders accompanied by the conditional language contained in the Miles Bauer letters. First, the Nevada Supreme Court and the Ninth

---

[5] There is testimony from other cases supporting the same finding. First is *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00847-GMN-DJA, 2021 WL 738937, at *6-7 (D. Nev. Feb. 25, 2021) ("Alessi & Koenig would not accept a tender of the superpriority amount prior to the HOA foreclosure" and "BANA had knowledge of this business practice."). This holding was based on, among other documents, a trial transcript in a bench trial involving A&K and SFR with testimony from BANA's assistant vice president and Rock Jung (ECF No. 57-13) and a declaration from Rock Jung stating that A&K would not accept superpriority payments in 2012 (ECF No. 85-14). *See also*, *Bank of Am., N.A. v. Lakeview Owners' Ass'n*, No. 2:16-cv-00635-APG-BNW, 2020 WL 4586861 at * 2 (D. Nev. Aug. 7, 2020), aff'd, No. 20-16626, 2021 WL 5359580 (9th Cir. Nov. 17, 2021) and *Bank of Am., N.A. v. Bernini Dr Tr.*, No. 2:16-cv-00474-APG-BNW, 2020 WL 1044005 at * 2 (D. Nev. Mar. 3, 2020), aff'd sub nom. *Bank of Am., N.A. v. Alessi & Koenig, LLC*, 840 F. App'x 217 (9th Cir. 2021). The holdings in both of those cases relied on, among other documents, the deposition of David Alessi testifying that he did not deposit superpriority checks from Miles Bauer and that BANA knew about his policies in 2011-2012 (ECF No. 57-16) as well as the declaration of Rock Jung explaining he had "several hundred[]" interactions with A&K regarding superpriority tenders. ECF No. 85-14.

The Ninth Circuit affirmed that testimony from other cases was "properly relied on" by lower courts to find that A&K had a "known policy" of rejecting superpriority tender. *Nationstar Mortg. LLC v. 7505 Java Sparrow Tr.*, 2021 WL 5356178, at *1 (9th Cir. Nov. 17, 2021) (relying on tender rejection testimony from a trustee in finding that trustee rejected tender). The Nevada Supreme Court agrees. *U.S. Bank Nat'l Ass'n, Tr. to Wachovia Bank, N.A. v. SFR Invs. Pool 1, LLC*, 136 Nev. 889, 464 P.3d 125 (2020) (explaining that evidence from other HOA matters can be used to support a position in different HOA matters). Lastly, SFR does not object to the reliance on testimony form other cases in its opposition.

Circuit have made clear that the conditional language that accompanied the banks' tenders was permissible (and preserved the banks' interest in the property). *See Bank of Am., N.A. v SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118 (2018); *Bank of Am., N.A. v. Arlington W. Twilight HOA*, 920 F.3d 620, 623 (9th Cir. 2019). Although those cases involved actual tender, A&K's known policy of rejecting tenders based on the same rationale equally excuses BANA's obligation to tender. *See Perla Tr.*, 136 Nev. at 66, 458 P.3d at 351 ("the Bank was excused from making a formal tender in this instance because, pursuant to [A&K's] known policy, even if the Bank had tendered a check for the superpriority portion of the lien, [A&K's] would have rejected it."); *see also Bank of Am., N.A. v. Alessi & Koenig, LLC*, 840 F. App'x 217, 218 (9th Cir. 2021) (tender excused as a matter of law where A&K has a known policy of rejecting tender of the superpriority lien amount accompanied by "with conditional 'restrictive language'").

Lastly, and on a related vein, it is immaterial whether BANA "ever attempted to just send a payment at any time relevant to the HOA foreclosure." ECF No. 91 at 6. The Nevada Supreme Court made clear that an actual tender is unnecessary where a party has shown by its conduct that it would not be accepted if made. *Perla Tr. v. Bank of Am., N.A.*, 136 Nev. at66, 458 P.3d at 351 (compiling cases).

## I.  CONCLUSION

**IT IS THEREFORE RECOMMENDED** that U.S. Bank's Motion for Summary Judgment (ECF No. 85) be GRANTED such that U.S. Bank's deed of trust survived the HOA foreclosure sale.

**IT IS FURTHER RECOMMENDED** that all remaining claims be denied as moot.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be directed to return U.S. Bank's $500 bond plus any applicable interest to Akerman LLP.

DATED: August 20, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE